Okey, J.
John C. Bothe brought suit in the court of common pleas of Auglaize county, against the Dayton & Michigan Railroad Company, to recover possession of real estate (described in the petition) situated in that county, alleging in the petition that he had a legal estate in the premises, and that the defendant unlawfully kept him out of possession, and asking for the restitution of the premises and judgment for the possession.
The defendant for a first defense “ denies that the plaintiff has a legal estate in, or is entitled to the real estate in the petition described, or of any part or portion thereof, or that defendant unlawfully keeps him out of possession.” Under the civil code of 1853, section 559 (Rev. Stats. § 5782), this form of pleading must be regarded as objectionable; but giving to the averments the liberal construction required by the statute, they amount to a denial of legal title in the plaintiff.
The answer contains the further defense, that the company was organized under an act passed in 1850 (49 Local L. 440); and that on July 21, 1854, finding the real estate in question necessary for the purpose of constructing its railroad tracks and depots, it went into occupancy of the premises, aud has continued to occupy them for such purpose, with the acquiescence and consent of the owners and the plaintiff.. To this defense *149 there was a reply denying such acquiescence and consent. But it is unnecessary in this case to determine what acts of an owner of real estate will estop him from recovering possession from a railroad company which has constructed its railroad tracks and depot on such land without authority. Such unauthorized acts of the company can afford no defense to an action of the owner to recover possession, where such owner had no information of the trespass until long after it had been committed. See Mills on Eminent Domain, ch. X.; Pierce on Railroads (ed. of 1881), 167 et sep Confessedly, in 1864, the land belonged to a minor or minors, living in a distant state; and it is sufficient to say there is no proof of acquiescence or consent, and hence the defense fails. True, possession was taken under color of a certain appropriation proceeding, but, as will be shown hereafter, that matter affords no defense.
A trial by jury having been waived, the case was submitted to the court on the question whether the plaintiff, Bothe, had shown legal title to the premises, and the court found, at the March term, 1869, that such title had not been shown, and rendered judgment for the defendant. A motion for a new trial was overruled, and a bill of exceptions embodying all the evidence was taken. The district court affirmed the judgment, and a petition in error was filed in this court, on leave, to reverse the judgment of affirmance.
In the record of the case, filed in this court, there was no journal entry showing the allowing and signing a bill of exceptions, but the court of common pleas of Auglaize county has made an order nunc pro tunc showing that such allowance was made and bill signed at the term the case was heard and judgment rendered. But the bill of .exceptions, properly signed, and the trial docket and journal, both of which contain a general exception noted at the time judgment was rendered, being all the evidence upon which the order was made, the defendant objects that the testimony was insufficient to warrant such mmc pro tunc order, and has filed in this court a cross-petition to reverse it. We are of opinion, however, that such evidence was sufficient to warrant the action of the court complained of, and therefore the order will be affirmed.
*150 The evidence, embodied in the bill of exceptions, consists of deeds and records. It appears that on June 20,1848; Dorothea Eickleman, widow of E. H. Kiesekamp, deceased, was by the third judicial district court of Jefferson parish, Louisiana, appointed and confirmed as tutrix of Casper "William Kiesekamp, only child of the aforesaid E. Ii. Kiesekamp, deceased. Subsequently she married William Albert, and she and her husband became tutors and guardians of the aforesaid Casper William Kiesekamp, and resided at the city of New Orleans. On September 7, 1855, the guardians filed a petition in the probate court of Auglaize county for the sale of the land in question, and such proceedings were had in the case that the land was sold to John F. Vornholt, and the sale having been, on February 8, 1856, duly confirmed, the guardians executed and delivered to him a deed for the premises in proper form. And on March 25,1864, Vornholt sold and conveyed the premises in due form to the' plaintiff Bothe.
Meanwhile the defendant, the Dayton & Michigan Railroad Company, had taken certain steps to acquire title to the premises in controversy. On June 16, 1854, it file’d a petition in the probate court of Auglaize county to, appropriate the land aforesaid to its use for railroad purposes. In its petition it was alleged that the “ property is owned by certain persons, whose names are unknown to said company, as heirs-at-law of one Henry Kiesekamp, deceased, and that said persons reside in the state of Louisiana, as said company is informed and believes.” In the affidavit of the attorney of the company, appended to the petition, it is stated, “ that the names and particular residence of "the owners of said lots are unknown to said company or said affiant, except that said heirs reside, as said company is informed, in the city of New Orleans, in said,state of Louisiana.” A jury was impaneled and sworn, and a verdict was returned, and on July 21, 1854, the verdict was confirmed. On April 27, 1864, which was subsequent to the time Bothe purchased and received a conveyance of the property, and nearly ten years after such attempted appropriation, the railroad company paid into the probate court the amount of the verdict, with interest from its rendition; whereupon-the *151 court caused to be entered on the journal a recital of the fact of such payment, and an order that “ it is considered by the court that said corporation, to wit, the said Dayton & Michigan Railroad Company, for right of way for road-bed and depot purposes, do forever hold the entire premises.” But where lands are appropiated, “ a compensation therefor shall first be made in money, or first seemed by a deposit of money.” Const. Art. 3, §19.
Subsequently to the time when the land was conveyed to Bothe—the date is not stated—the defendant commenced another proceeding in the probate court of Auglaize county to appropriate the land for such railroad purposes. The only person named in that proceeding was Bothe, and it was stated in the petition that he is the owner of the premises. But that proceeding was abandoned.
On August 13, 1866, Bothe filed in the probate court a motion to set aside the condemnation proceeding first above stated. He set forth the fact that he had become the owner of the premises on March 25,1864, in the way already stated, and that the appropriation proceedings were irregular and erroneous in various particulars, among others, that the verdict was rendered July 21, 1854, and the money not paid into court until April 27,1864, and that the court had no jurisdiction to render the judgment. This motion was overruled by the probate court, and Bothe filed a petition in error in the court of common pleas of Auglaize county, in which petition the railroad company was defendant; that court, on May 24,1867, reversed the order of appropriation, and the judgment of reversal was affirmed by the district court, and remains in force.
It is claimed that the appropriation proceeding is void, the provision of the constitution as to compensation having been disregarded, and hence that Bothe might properly move to set such proceeding aside (Civil Code of 1853, § 508; Rev. Stats. § 5121), and that when the motion was overruled, such action of the probate court might be reversed, and for such purpose Bothe was the proper petitioner in error. Miller v. Peters, 25 Ohio St. 270. However that may be, the judgment of the court of common pleas reversing the order of appropriation is *152 not void, but, on the contrary, not having been reversed, it is as valid as any other judgment; and hence, such order of appropriation was not available to the company on the trial. Dussuau v. Municipality Number One, 6 La. Ann. 675, properly understood, is not inconsistent with this view. The defendant in error, the railroad company, is, consequently, without any other title than bare possession, the payment into court being wholly ineffectual, and it is compelled to rely for its defense, not on the strength of its own title, but on the weakness of Bothe’s title. The defendant says, however, that if that position be admitted, still the plaintiff must fail for want of proof of his title. But is that true ? In reversing the proceeding to appropriate, the court necessarily found that as between the railroad company and Bothe, the latter owned the land. Besides, the company admits, by the record of such proceeding, that the land it undertook to appropriate belonged to a man named Kiesekamp, and that his residence was Louisiana when he died. True, it is stated in the record that the name of the deceased was Henry Kiesekamp, but Henry Kiesekamp may be E. H. Kiesekamp, who died in Louisiana. True, it is stated in the record that Henry Kiesekamp left heirs whose names are unknown, but that they reside at New Orleans, and are owners of the land in controversy. E. H. Kiesekamp left to survive him one heir only, Casper William Kiesekamp, who resides at New Orleans, and claimed to own tho lands in dispute as such heir.' If Henry Kiesekamp is in truth E. H. Kiesekamp, then he left but one heir, and that was Casper William. On the most careful consideration of the records and deeds set forth in the bill of exceptions, we are led to the conclusion that the inquiry, whether Henry Kiesekamp and E. II. Kiesekamp were one and the same person, should be answered in the affirmative, although no witness has testified to the fact; and consequently that that person is the common source of title under which both parties claim. Having arrived at that conclusion, it clearly follows that when the railroad company commenced its proceeding in the probate court, and also when it entered into the occupancy of the premises in controversy, Casper William Kiesekamp was the owner of such premises; and that by the *153 proceedings of the guardians in the probate court, tbe deed to T ornbolt and Yornbolt’s deed to Bothe, the latter bas acquired tbe title of Casper "William to the premises in controversy. Hence, tbe conclusion is reached that tbe court of common pleas erred in finding, on the evidence before it, for tbe defendant instead of tbe plaintiff, and tbe district court erred in affirming tbe judgment.

Judgment reversed.